UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| JAMES ROBERT ERNST III, | |
| Plaintiff, | No. 16 cv 2005 EJM |
| vs. | ORDER |
| BLACK HAWK COUNTY JAIL, et al., | |
| Defendants. | |

Before the court is the resisted Report and Recommendation (R&R) of the Chief Magistrate Judge (CMJ) finding in favor of plaintiff that defendant Levi Frost violated plaintiff's civil rights and recommending judgment of $500, filed December 9, 2016. R&R accepted, as amended.

Plaintiff, who was incarcerated at the Black Hawk County Jail (Jail), sought redress for the alleged deprivation of his constitutional rights while at the Jail under 42 U.S.C. §1983. Jurisdiction is under 28 U.S.C. §1331.

Pro se plaintiff brought this complaint against the Jail and law enforcement officials associated with the Jail, including defendant Deputy Levi Frost, alleging a litany of complaints. This court on June 21, 2016, found that one count, count V, which alleged that on March 30, 2015, plaintiff was moved from D-pod to F-pod where he was assaulted, survived a motion for summary judgment and required a hearing. This court referred that question to the CMJ under 28 U.S.C. § 636 to conduct a hearing and issue an R&R on the events surrounding the March 30, 2015, assault of plaintiff.

The CMJ held an evidentiary hearing on September 26, 2016, at the Newton Correctional Facility, in which plaintiff and defendants testified. The CMJ found that (a) Deputy Levi Frost conducted a computer search to determine whether moving plaintiff from D-pod to F-pod was safe; (b) that if the computer search had been properly conducted, it would have shown that it was in fact not safe; (c) that Deputy Frost showed deliberate indifference to his job and conducted the search in a faulty manner which failed to indicate that the move would be unsafe, and (d) that as a result, plaintiff was moved to F-pod where he experienced a minor beating which lasted for a few seconds before it was stopped by the guards. Plaintiff sustained a number of severe bruises; no broken bones, no stiches, no blood drawn. The R&R recommended damages of $500.

This court has reviewed the R&R and finds it thorough and well reasoned. However, under all the circumstances, the court believes damages should be $1,000. R&R accepted, as amended.

This court granted in forma pauperis status to plaintiff on March 11, 2016, which allowed plaintiff to pay the $350 docket fee over time. So that the modest recovery is not subsumed by costs, further costs for payment of the docket fee by the plaintiff are remitted. The plaintiff may file a bill of costs to recover the amount of the docket fee paid to the court to date. The clerk will include a bill of costs form with a copy of this opinion to the plaintiff.

It is therefore

ORDERED

R&R accepted, as amended. Judgment for plaintiff against defendant Levi Frost for $1,000. Further costs for payment of the docket fee are remitted. All remaining motions denied as moot.

December 22, 2016

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT